**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HENRY PIMENTEL, | : | |
| *Plaintiff*, | : | CIVIL CASE NO. |
| | : | 3:19-CV-1284(JCH) |
| v. | : | |
| | : | |
| ATRIUM HOSPITALITY LP, ET AL., | : | SEPTEMBER 8, 2020 |
| *Defendants*. | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 15)**

**I.    INTRODUCTION**

Plaintiff Henry Pimentel ("Pimentel") brings this action against his former employers, Atrium Hospitality LP ("Atrium LP"), Atrium Hospitality Corporation ("Atrium Corp."), and Hilton Stamford Hotel (collectively, "Atrium"), and five individuals currently or formerly employed by Atrium as managers, Robert Langevin, Jerry Sadutto, Ted McCallum, Samuel Schwartz, and Peter Komar (collectively, "Individual Defendants"), alleging harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  See Complaint ("Compl.") (Doc. No. 1).

Atrium has moved to dismiss Pimentel's claims pursuant to Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process; 12(b)(6) for failure to state a claim upon which relief can be granted; and 41(b) for failure to prosecute.  In response to the Motion, Pimentel moved to amend his Complaint to dismiss his claims against the Individual Defendants.  See Mot. to Amend (Doc. No. 26).

For the reasons stated below, Atrium's Motion is denied in part, granted in part, and terminated as moot with respect to the Individual Defendants.

1

## II. BACKGROUND

On August 16, 2019, Pimentel filed his Complaint against Atrium and the Individual Defendants seeking damages for harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. See Compl. Pimentel alleges that, from June 2016 to August 2018, the defendants engaged in a pattern of harassment that created a hostile work environment and retaliated against him for filing administrative complaints about these incidents, culminating in his termination. See Compl. ¶¶ 1-19. Among the incidents recounted in his Complaint, Pimentel claims that Jerry Sadutto "attempted to insert [a] cucumber into [his] buttocks," made offensive comments "relating to [his] Hispanic heritage," and called him "sweetheart" in front of other employees. See Compl. ¶ 3. These and other instances of alleged harassment led Pimentel, prior to filing the instant Complaint, to file an administrative complaint against Atrium with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), Case No. 1820416, and the Equal Employment Opportunity Commission ("EEOC"), Charge No. 16A-2018-00979. See Compl. ¶ 4. Pimentel alleges that, in response to his administrative complaints, he was stripped of scheduling authority by Robert Langevin, Peter Komar, and Ted McCollum; sexually harassed by Samuel Schwartz; and ultimately fired. See Compl. ¶¶ 7, 12-14. Following this alleged retaliation, Pimentel filed a second administrative complaint against Atrium with the CCHRO, Case No. 1920326, and the EEOC, Charge No. 16A-2019-00740.

Federal Rule of Civil Procedure 4 requires that service be made within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). Pimentel was thus required to serve the defendants in this case by November 14, 2019, which he did not do. On February 11, 2020, this court issued to Pimentel an Order to Show Cause why his case should not be

dismissed for failure to prosecute and failure to serve the defendants. See Order to Show Cause (Doc. No. 10). On February 25, 2020, Pimentel filed a Submission purporting to explain why he had yet to effect service upon the defendants. The Submission states that he initially filed this action "not in the right court," and that the resulting transfer to the appropriate court, which occurred without his knowledge, led to his confusion about the case's docket number, which impeded his ability to inquire about the case. See Submission Re Order to Show Cause at 1 ("Submission") (Doc. No. 11). Pimentel served Atrium Corp. by mail on February 24, 2020. He served Atrium LP by mail on March 6, 2020. The Certificate of Service was filed with the court on March 11, 2020. See Summons Returned Executed (Doc. No. 13).

On March 12, 2020, Atrium filed a Motion to Dismiss (Doc. No. 15) and a Memorandum in Support of the Motion ("Mem. in Supp.") (Doc. No. 15-1). The Motion argues that the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for insufficient service of process,[1] and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Mem. in Supp. at 1. Atrium's Motion further argues that, as to the Individual Defendants, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, on the ground that Title VII does not provide for individual liability. Id. at 1.

---

[1] "Motions challenging the sufficiency of service of process are properly made under Rule 12(b)(5), not Rule 12(b)(2)." Koulkina v. City of New York, 559 F. Supp. 2d 300, 310 fn.9 (S.D.N.Y. 2008); see also Soos v. Niagara Cty., 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016); Charles A. Wright & Arthur R. Miller, 5B Federal Practice & Procedure § 1353, at 334 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). Because Atrium challenges the sufficiency of Pimentel's service of process, the court will treat that aspect of Atrium's Motion as a motion to dismiss under Rule 12(b)(5).

On May 19, 2020, Pimentel filed with the court an Objection to Atrium's Motion further explaining the lengthy delay in service. See Plaintiff's Objection to Defendants' Motion to Dismiss (Doc. No. 24). The Memorandum in Support of the Objection ("Obj. Mem.") (Doc. No. 24-1) and accompanying affidavits report that, approximately one month prior to filing the Complaint, Pimentel's counsel had a heart attack and underwent major surgery as a result. See Obj. Mem. at 3; id. at 7 (stating counsel's heart attack occurred on July 10, 2019). The severity of the event prompted him to advise Pimentel that he would be unable to represent him in the matter, but Pimentel was unable to secure other representation. Id. at 3. His counsel therefore agreed to move forward with the representation, albeit in a compromised state. Id. The Objection maintains that the lengthy delay in service was due to counsel's attempt to represent Pimentel while recovering from major heart surgery in combination with the confusion stemming from his filing error. Id. at 3-4.

On May 29, 2020, Pimentel moved to amend the Complaint by dismissing the suit as to the Individual Defendants.

### III.    LEGAL STANDARDS

####    A.    Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint based on inadequate service. Fed. R. Civ. P. 12(b)(5). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (alteration omitted). "To determine whether service has been satisfied, the court is permitted to look beyond the complaint." Founders Ins. Co. v. Cuz DHS, LLC, No. 3:17-CV-1476 (JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017).

Where, as here, a corporation or partnership is the object of the suit, Rule 4 provides in relevant part that a corporation or partnership may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); id. at 4(h)(1)(A). Under Connecticut law, a foreign corporation may be served by serving the corporation's registered agent. Conn. Gen. Stat. Ann. § 33-929(a). If the foreign corporation has no registered agent, service can be effected "by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office." Id. § 33-929(b). Connecticut law further provides that a limited partnership formed under the laws of any other state and transacting business in the state without registration "appoints the Secretary of the State as its agent for service of process with respect to causes of action arising out of the transaction of business in [Connecticut]." Id. § 34-38*l*(d); see also id. § 34-9(9). When the Secretary of the State is the appointed agent for service, the limited partnership can be served "by leaving two true and attested copies thereof together with the required fee at the office of the Secretary of the State or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to said office." Id. § 34-38q(b).

If a plaintiff fails to serve a defendant "within 90 days after the complaint is filed," Rule 4(m) requires the court to "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if "plaintiff shows good cause for the failure," the court must extend the time for service. Neary v. Naqvi, No. 3:14-CV-1631 (VLB), 2017 WL 3205471, at *6 (D. Conn. July 27, 2017) (quoting Fed. R. Civ. P. 4(m)). "Good cause is measured against

5

the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." McEachern v. ADT, LLC., No. 3:18-CV-1311 (AWT), 2020 WL 3105530, at *2 (D. Conn. Jan. 31, 2020). It is typically "found only in exceptional situations where the plaintiff's failure is due to circumstances beyond its control." Darowski v. Wojewoda, No. 3:15-CV-0803 (MPS), 2016 WL 4179840, at *3 (D. Conn. Aug. 7, 2016).

Even in the absence of good cause, however, a district court has discretion to grant extensions of time to effect proper service. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007); see also Mares v. United States, 627 F. App'x. 21, 23 (2d Cir. 2015) (Summary Order) (noting that "a district court has wide latitude in deciding when to grant extensions absent good cause").

B.   Rule 41(b)

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action for a plaintiff's failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Id.

In determining whether to dismiss a case pursuant to Rule 41(b), the court considers following factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998). No one factor is dispositive. Id. at 113.

## IV.     DISCUSSION

### A.     Individual Defendants

Pimentel moves to dismiss the Complaint as to the Individual Defendants, on the ground that Title VII does not provide for individual liability.  See Mot. to Amend ¶ 2 ("[T]he amendment is made to drop [the] individual defendants."); see also Obj. Mem. at 1 (stating intent to "withdraw [sic] as to the individual defendants because of the definition of 'employer' under Title VII").[2]  Pimentel is correct.  "[I]ndividuals are not subject to liability under Title VII." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004); Littlejohn v. City of New York, 795 F.3d 297, 313 (2d Cir. 2015) ("Title VII does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers." (citation and internal quotation marks omitted)).  Accordingly, the court grants Pimentel's Motion to Amend (Doc. No. 26) by dismissing this suit as to the Individual Defendants.  Atrium's Motion to Dismiss as to the Individual Defendants pursuant to 12(b)(6) is therefore terminated as moot.

### B.     Atrium LP and Atrium Corp.

Defendant Atrium seeks dismissal on two grounds.  First, Atrium moves to dismiss Pimentel's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effectuate timely service.  See Mem. in Supp. at 8 (arguing that the

---

[2] Plaintiff's Motion and Amended Complaint are far from a model of clarity.  Though the Motion seeks to amend the Complaint by "drop[ping]" the Individual Defendants, it also states an intent to "re-label" the Individual Defendants "as Title VII Employer[s]."  Mot. to Amend at 2 ¶ 2.  Further, while Pimentel has removed each of the Individual Defendants from the caption of the Amended Complaint, see id. at 4, the document still lists each of the Individual Defendants under a subheading in Paragraph 1 entitled "The Defendants" and purports to "name[]" each Individual Defendant "as an agent and statutory Title VII 'employer'."  Id.

Despite its sloppy and imprecise articulation, the court ultimately understands and reads the Amended Complaint to state no claims against the Individual Defendants.

7

"inexcusable delay warrants dismissal"); see also Reply in Support of Mot. to Dismiss ("Reply in Supp.") (Doc. No. 27) at 2-5 (arguing that Pimentel has not articulated good cause for his failure to timely serve).  In particular, Atrium argues that Pimentel's Submission does not explain why the alleged filing error caused such a significant delay in service, and does not explain Pimentel's failure to contact and coordinate with Atrium's counsel or move the court to extend the time for service.  See Mem. in Supp. at 4-5, 7-8.  The court agrees that Pimentel has failed to articulate good cause for failing to serve Atrium within the 90 days provided by Rule 4.

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay."  McEachern, 2020 WL 3105530, at *2.  Here, Pimentel made no effort to effect service.  Neither Pimentel's Submission nor his Objection describe any efforts toward serving Atrium prior to the November 14, 2019 deadline.  Instead, Pimentel's counsel asserts that the case's venue and docket number changed without his knowledge, and that, as a result, he did not receive any CM/ECF notifications after filing the complaint.  See Obj. Mem. at 3.  Pimentel's counsel further asserts that he "frequently called and followed up" about the case but "got no information."  See id. at 3-4; see also id. at 8. ("A number of calls were made to the clerk's office, none of which were returned.").  He therefore "eventually . . . physically went to the courthouse on or about December 9, 2019 to check" on the case.  Id. at 3; see also Submission at 1.

This story makes little sense.  There is only one district court for the state of Connecticut, so there cannot have been the "transfer" of venue that Pimentel's counsel alleges.  This case is, and has always been, in the same court it in which it was filed.

8

And while it is true that the case's docket number changed from 5:19-CV-1284 to 3:19-CV-1284, this change would not have prevented Pimentel's counsel from receiving by way of email, to the address he initially provided, the Notice of Electronic Filing for any document posted to the docket subsequent to his filing the Complaint. In any case, "Plaintiff's counsel is obliged not merely to state why service was not made, but to explain why, in the circumstances, service was not possible despite reasonable efforts." John v. City of Bridgeport, 309 F.R.D. 149, 155 (D. Conn. 2015). Pimentel's Submission and Objection are severely lacking in specificity and fail to articulate any concrete actions taken toward effecting service.

Pimentel supplements his excuse by explaining that his counsel suffered a cardiac arrest and underwent heart surgery roughly one month prior to filing the Complaint on August 16, 2019. See Obj. Mem. at 3. The court does not question the seriousness of such a medical event. But Pimentel's counsel was evidently well enough to move forward with the representation, and states that the "lack of notices" were the "main" reason for his failure to serve, not his heart attack. See Obj. Mem. at 4. Counsel's health issues therefore do not excuse his failure to make reasonable efforts toward effecting service. See John, 309 F.R.D. at 154-55 (noting that inconvenience or difficulty is rarely a basis for good cause); see also Hines v. Roc-A-Fella Records, LLC, No. 19-CV-4587 (JPO), 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020) (concluding that one unsuccessful attempt to effect service did not constitute "reasonable efforts").

Moving to the other side of the scale, any prejudice to Atrium from the delay in service is minimal. Atrium argues that the delay has compromised their ability to defend against this action because it has now "administratively clos[ed] the case" relating to

Pimentel's grievances and "several witnesses" have since "[left] their employment with Atrium." Mem. in Supp. at 8.  Any defendant can generally assert that the passage of time associated with a plaintiff's failure to serve will inhibit its ability to put on a defense. See John, 309 F.R.D. at 155.  Atrium does not elucidate any actual difficulty stemming from having "administratively closed" Pimentel's grievance.  Nor does Atrium assert that the "witnesses" left their employ only after the 90-day service period expired.  And, in any event, Atrium does not assert that they are unable to locate or communicate with these witnesses now.  Indeed, it is the rare employment case in which none of the employer's witnesses leave their employ in the course of the litigation.  Accordingly, the court concludes that the delay has caused Atrium little prejudice, if any.

Though Atrium has hardly suffered prejudice from the delay in this case, the analysis requires that the defendant's prejudice be "measured against the plaintiff's reasonable efforts to effect service." McEachern, 2020 WL 3105530, at *2.  Because Pimentel "made virtually no effort" to serve Atrium within the time provided by Rule 4(m), the court finds that Pimentel has not demonstrated good cause.  See John, 309 F.R.D. at 155.

A district court, however, has discretion to grant extensions of time to effect proper service even in the absence of good cause. Zapata, 502 F.3d at 196. The factors the court must consider are: "(1) whether the statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by an extension." Darowski, 2016 WL 4179840, at *5. Considering these factors, the court finds that an extension is warranted.

The first factor weighs heavily in favor of Pimentel. Were the court to dismiss the Complaint without prejudice, it is likely that Pimentel would be barred from refiling the action. "A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter." Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). That period is not tolled by timely filing a complaint. Id. Rather it is tolled only during Rule 4(m)'s 90-day period for service, after which time "the governing statute of limitations again becomes applicable." See Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990). The EEOC issued a right-to-sue letter for Pimentel's retaliation claim on May 23, 2019, and issued the same for Pimentel's hostile work environment claim on June 18, 2019. See Compl. at 10, 18. Pimentel filed his Complaint on August 16, 2019, eighty-five days after issuance of the first letter; fifty-nine days after issuance of the second. The remaining time on the respective 90-day limitation periods was tolled during Rule 4(m)'s 90-day window for service. See Jordan v. Forfeiture Support Associates, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) (citation omitted). But "the limitations period again became applicable" when the Rule 4(m) period for service expired on November 14, 2019. Id. Following expiration of the service period, more than one-hundred days elapsed before Pimentel served Atrium LP and Atrium Corp., and nearly two-hundred days have elapsed since then. The ninety-day windows within which Pimentel was required to file suit on his respective Title VII claims have thus long passed, and Pimentel would therefore likely be barred from refiling this action. See id.; see also John, 309 F.R.D. at 155.

The second and third factors weigh in favor of Atrium. Pimentel does not assert, and nothing in the record suggests, that Atrium had actual notice of the claims prior to

11

service.  There is likewise no evidence that Atrium attempted to conceal the defect in service.

The fourth and final factor weighs in favor of Pimentel.  For the reasons discussed above, Atrium suffered little, if any, prejudice from the 102-day delay in service.  See John, 309 F.R.D. at 156 ("Plaintiff's failure to timely serve defendants delayed the case for less than two months, not for years.").

Finally, the court notes that Pimentel's counsel's heart attack and subsequent surgery, while not good cause for Pimentel's failure to serve, do amount to a "colorable excuse for [his] neglect" to effect service within the required window.  See Zapata, 502 F.3d at 198.

Having considered the relevant factors, the court finds that the balance clearly weighs in favor of Pimentel.  For this reason, and in the interests of justice, see Macaluso v. New York State Dep't of Envtl. Conservation, 115 F.R.D. 16, 19 (E.D.N.Y. 1986) ("A primary purpose of the Federal Rules of Civil Procedure is to promote the ends of justice by granting litigants their day in court."), the court extends nunc pro tunc the period for Pimentel to effect service upon Atrium LP and Atrium Corp.

Atrium's second ground is that Pimentel has failed to prosecute this case such that it should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  See Mot. to Dismiss at 9-10.  Upon consideration of the factors relevant to determining whether a Rule 41(b) dismissal is appropriate, see Spencer, 139 F.3d at 112-13, the court declines to dismiss Pimentel's Complaint on this ground.  Pimentel responded promptly to the court's February 11, 2020 Order to Show Cause by filing a responsive submission 14 days later, meeting the court-imposed deadline.  See Submission (Doc. No. 11).

Further, for the same reasons outlined above, Atrium has experienced little or no prejudice from the delay in these proceedings. Finally, dismissal pursuant to Rule 41(b) "has harsh consequences for clients, who may be blameless, [and] it should be used only in extreme situations." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (internal quotation marks and citation omitted). This is not an extreme situation, and Pimentel should not bear the "harsh consequence" of dismissal with prejudice due to his lawyer's negligence. The court, therefore, declines to dismiss this action pursuant to Rule 41(b).

Finally, Atrium argues in a footnote in its Reply that "[t]he only proper defendant in this case is Atrium Hospitality LP," because "Atrium Hospitality Corporation does not exist, and Hilton Stamford Hotel was not the Plaintiff's employer." Reply in Supp. at 1 fn.1. This argument is not made in Atrium's Motion to Dismiss, nor does Atrium's Reply cite to an argument in Pimentel's Objection to which it is replying. The argument is therefore not properly before the court. See D. Conn. L. Civ. R. 7(d) ("A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies."); see also Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

C.  Hilton Stamford

Though the court finds an extension is warranted with respect to Atrium LP and Atrium Corp., the same cannot be said as it pertains to Hilton Stamford. Nearly three hundred days have passed since Rule 4(m)'s period for service expired on November 14, 2019, and Pimentel has made no claim that service on Hilton Stamford has even been attempted, let alone perfected.

13

The court therefore grants Atrium's Motion as to Hilton Stamford.

## V.     CONCLUSION

For the foregoing reasons, Atrium's Motion to Dismiss (Doc. No. 15) is DENIED IN PART, GRANTED IN PART, and TERMINATED AS MOOT IN PART.  Specifically, the court denies the Motion as to Atrium LP and Atrium Corp. because it finds an extension is warranted under the circumstances, and because the court finds dismissal pursuant to Rule 41(b) is not warranted.  The court grants the Motion as to Hilton Stamford, on the ground that, more than one year after filing the Complaint, Pimentel has neither attempted nor effected service upon that defendant.  The Motion is terminated as moot with respect to the Individual Defendants, in light of the court granting Pimentel's Motion to Amend his Complaint.

Further, it is hereby ORDERED that Pimentel docket the return receipt or executed summons as to Atrium Corp., as distinct from Atrium LP.  Failure to docket such proof of service within seven (7) days of this Order will result in dismissal as to Atrium Corp. for failure to serve.  Upon said docketing, counsel for Atrium will have seven (7) days from that date to demonstrate that, as asserted in Reply, Atrium Corp. does not exist.  Absent such demonstration, Atrium Corp. shall remain as a defendant in this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 8th day of September 2020.

 /s/  Janet C. Hall
Janet C. Hall
United States District Judge